UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON MICHAEL MIDDLETON, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:23-cv-01491-JPH-MG |
| HOOKER, et al., | ) |
| Defendants. | ) |

**ORDER DENYING WITHOUT PREJUDICE RENEWED MOTION
FOR ASSISTANCE WITH RECRUITING COUNSEL**

Plaintiff Jason Middleton has renewed his motion for assistance recruiting counsel. Dkt. 28. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers); *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655–56.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. Plaintiff has attempted to contact multiple attorneys with requests for representation without success. The Court finds that he has made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. He should continue his efforts to find counsel.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "The court's competency evaluation should account for 'the plaintiff's literacy, communication skills, educational level, and litigation experience,' and, to the extent that such evidence is before the court, information 'bearing on the

2

plaintiff's intellectual capacity and psychological history.'"  *Watts*, 42 F.4th at 760 (quoting *Pruitt,* 503 F.3d at 655).  "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'"  *Eagan*, 987 F.3d at 682 (quoting *Pruitt*, 503 F.3d at 655).  "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'"  *Id.* (quoting *Pruitt,* 503 F.3d at 655).

In support of his motion, Plaintiff explains that he has a GED, but as a result of the attack that is the subject of his claims in this case, he suffers from headaches, PTSD, and anxiety, and loses sight in his left eye.  He has not had help litigating this case and contends that he needs help with discovery.  As the Court explained in its denial of Plaintiff's earlier motion to appoint counsel, he is a frequent and competent litigator in this Court.  Dkt. 11 at 6.  His complaint is clear and the facts on which his claims are based are straightforward.  Further, Plaintiff has recently been released from prison and should therefore have access to additional resources to help him litigate this case.  And if he experiences delays in meeting deadlines because of his circumstances, he may seek extensions of time as appropriate.

Plaintiff's renewed motion for assistance recruiting counsel, dkt. [28], is **denied without prejudice**.  His motion requesting a copy of a form motion for

3

assistance with recruiting counsel, dkt. [21], is **denied as moot** because his motion was filed on the form.

**SO ORDERED.**

Date: 10/21/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JASON MICHAEL MIDDLETON
7120 West US 52
P.O. Box 12
Arlington, IN 46104

All electronically registered counsel